## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOYDEEP BOSE,** | :     CIVIL ACTION |
| Plaintiff | : |
| | :     NO: |
| v. | : |
| | : |
| **LANE'S VALLEY FORGE AVIATION, INC.;** | : |
| **SANDRA JUBB; and, LANE RICHARD JUBB, JR.,** | : |
| Defendants | : |

### COMPLAINT AND JURY DEMAND

### I.    PRELIMINARY STATEMENT

1. This is an action by Plaintiff, Joydeep Bose, against Defendants, Lane's Valley Forge Aviation, Inc., Sandra Jubb and Lane Richard Jubb, Jr., to recover wages arising out of Defendants' failure to compensate Plaintiff for services rendered during the course of his employment, and to recover over-time pay which Defendants also failed to pay to Plaintiff.

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, et seq., and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1, *et seq.*

### II.    JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and the claims are substantively based on the FLSA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the PMWA and WPCL.

5.    Venue is proper in this District under 28 U.S.C. §1391, in that Plaintiff performed services for Defendants within the Eastern District of Pennsylvania, and Defendants regularly transact business therein.

## III.   PARTIES

6.    Plaintiff, Joydeep Bose, is an individual and citizen of the State of New Jersey, with a mailing address of P.O. Box 282, Kingston, New Jersey.

7.    Defendant, Lane's Valley Forge Aviation, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 767 Collegeville Road, Collegeville, Pennsylvania.

8.    Defendant, Sandra Jubb, is an individual and citizen of the Commonwealth of Pennsylvania who resides 2527 Stinson Lane, Norristown, Pennsylvania.

9.    Defendant, Lane Richard Jubb, Jr., is an individual and citizen of the Commonwealth of Pennsylvania who resides at 11 Woodlyn Avenue, Eagleville, Pennsylvania.

10.    At all times relevant hereto, Defendants Sandra Jubb and Lane Richard Jubb, Jr., were owners, operators, managers, and/or transacted business on behalf of Defendant, Lane's Valley Forge Aviation, Inc.  Defendants, Sandra Jubb and Lane Richard Jubb, Jr., are individually liable to Plaintiff for the wages he seeks pursuant to the FLSA, PMWA and WPCL.

11.    At all times relevant hereto, Defendants were acting through their agents, servants, and employees, who were authorized and acting within the scope of their authority, course of their employment and under the direct control of Defendants.

- 2 -

## IV    STATEMENT OF CLAIMS

12.    Plaintiff was employed by Defendant, Lane's Valley Forge Aviation, Inc., ("Valley Forge") from March, 2012 until on or about January 4, 2014.

13.    During the course of his employment, Plaintiff performed several job functions for Defendant, Valley Forge, which included, but was not limited to, running its airport operations, cleaning and maintaining hangars, refueling airplane, collecting monthly rent checks for customer parking slots, cleaning and repairing the office and other facilities, and conducting fixed based operations (flight control).  In addition, Plaintiff also performed services as a Flight Instructor.

14.    Although Defendants agreed to compensate Plaintiff for his services, they failed to do so beginning in 2012.

15.    Notwithstanding Defendants failure to compensate Plaintiff for services rendered, he continued to perform the job functions which he had been assigned to complete on a daily basis until the date of his separation from employment.

16.    From July, 2013, through the date of his separation, Plaintiff was not compensated for any of the work he performed on behalf of Defendants.

17.    In addition, throughout the course of his employment, and in particular, from July, 2013 until his separation, Plaintiff regularly worked in excess of 40 hours per week.

18.    Plaintiff estimates that between July, 2013 thought January 4, 2014, he work approximately 50-60 hours per week for Defendants.  At all times relevant to his employment, Plaintiff was considered to be non-exempt, and therefore entitled to receive over-time compensation.

19.     In addition to failing to compensate Plaintiff for the hours he worked, Defendants failed to play Plaintiff any over-time premium compensation for the hours he worked in excess of 40 during the work week.

20.     Plaintiff made repeated requests of Defendants to compensate him properly in accordance with Federal and State Law, however Defendants repeatedly failed to do so.

21.     In failing to pay Plaintiff his regular compensation and over-time premium compensation for hours worked over 40 in a work week, Defendants acted willfully and with reckless disregard of clearly applicable FLSA and WPCL provisions.

## COUNT I – FLSA
### (Plaintiff v. Defendants)

22.     Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as if fully set forth at length herein.

23.     Defendants are considered to be an "employer" covered by the FLSA.

24.     The FLSA entitles employees to compensation for every hour worked in a work week.  29 U.S.C. § 207(a)(1).

25.     The FLSA entitles employees to over-time compensation "not less than one and one-half times" the regular pay rate for all hours worked over 40 in a work week.  *See* 29 U.S.C. § 207(a)(1).

26.     Defendants violated the FLSA by failing to pay Plaintiff over-time premium compensation for hours worked over 40 in a work week and to compensate him for the hours work.

- 4 -

27.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II – PMWA
### (Plaintiff v. Defendants)

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as if fully set forth at length herein.

29.     Defendants are an "employer" and are covered by the PMWA.

30.     The PMWA entitles employees to compensation for every hour worked in a work week.

31.     The PMWA entitles employees to over-time compensation "not less than one and one-half times" the employees regular rate of pay for all hours worked over 40 in a work week.  _See_ 43 P.S. §333.104(c).

32.     Defendants violated the PMWA by failing to pay Plaintiff and other hourly workers over-time premium compensation for hours worked over 40 in a work week.

33.     The PMWA requires that "every employer shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages."  _See_ 34 Pa. Code §231.36.

34.     Defendants issuance of pay stubs that failed to list either the hours worked during a work week or hourly rates applicable to such work hours violates the PMWA.

## COUNT III – WPCL
### (Plaintiff v. Defendants)

35.     Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as if fully set forth at length herein.

36.     The actions of the Defendants, through their agents, servants and employees, in failing to compensate Plaintiff for services performed, constituted a violation of the WPCL.

37.     Defendants acts as aforesaid were willful and wanton and in reckless disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

38.     Plaintiff repeats the allegations of paragraph 1 through 37 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendants and order that:

(a)     Defendants compensate Plaintiff for the wages because of their unlawful conduct;

(b)     Defendants pay to Plaintiff liquidated damages as is allowable under the Law;

(c)     The Court award such other relief as is deemed just and proper.

(d)     The Court find the individually-named Defendants liable for their actions an award damages for their failure to pay Plaintiff his compensation and over-time pay.

**JURY DEMAND**

Plaintiff demands trial by jury.

**THE LOVITZ LAW FIRM, P.C.**

By:______________________________

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1700 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff,
Joydeep Bose