# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYDEEP BOSE, | : |
| **Plaintiff** | : |
| v. | : |
| LANE'S VALLEY FORGE AVIATION, INC., SANDRA JUBB, and LANE R. JUBB, JR. | : CASE NO: 2:16 –cv-03924-TON |
| **Defendants** | : |

### DEFENDANTS LANE'S VALLEY FORGE AVIATION INC., SANDRA JUBB, AND LANE R. JUBB, JR.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Lane's Valley Forge Aviation Inc., Sandra Jubb, and Lane R. Jubb, Jr.(collectively "Defendants"), by and through undersigned counsel, hereby respond to Plaintiff's Complaint and aver as follows:

### I. PRELIMINARY STATEMENT

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, Defendants specifically deny that Plaintiff has a viable action under the FLSA, PMWA, and WPCL.

### II. JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, Defendants admit that this Court has jurisdiction but deny the remaining allegations as stated.

4. The allegations contained in Paragraph 4 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, Defendants admit that this Court has jurisdiction but deny the remaining allegations as stated.

5. The allegations contained in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required, Defendants admit that Venue is proper in this District.

6. Defendants are without sufficient knowledge or information to form a belief to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore deny them.

7. Defendants admit that Lane's Valley Forge Aviation, Inc. (hereafter "LVFA") is a corporation organized under the Commonwealth of Pennsylvania with a principal place of business located at 767 Collegeville Road, Collegeville, Pennsylvania.

8. Denied. It is specifically denied that Sandra Jubb (hereafter "Ms. Jubb") resides at 2527 Stinson Lane, Norristown, Pennsylvania.

9. Denied. It is specifically denied that Lane R. Jubb, Jr. (hereafter "Lane Jr.") resides at 11 Woodlyn Avenue, Norristown, Pennsylvania.

10. Defendants specifically deny that Ms. Jubb and Lane Jr., were owners, operators, and or managers of LFVA. Defendants specifically deny that Ms. Jubb and/or Lane Jr. are individually liable to Plaintiff Bose for the wages he seeks pursuant to the FLSA, PMWA, and WPCL.

11. The allegations contained in Paragraph 11 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response may be required,

Defendants admit that this Court has jurisdiction but deny the remaining allegations as stated.

### III. DEFENDANTS' ANSWER AND COUNTERSTATEMENT TO PLAINTIFF'S STATEMENT OF CLAIMS

12. Denied. Plaintiff Bose was employed by LFVA from approximately March, 2012 to January 2013, where he was dismissed. By way of further response, Plaintiff Bose continued to remain on the airport premises where he lived in a studio apartment, rent free and utilities paid, until he instructed to vacate the premises on January 4, 2014. Plaintiff Bose finally departed the premises departed the premises in approximately March, 2014.

13. Denied in part. It is specifically denied that Plaintiff Bose ran the airport operations, cleaned and maintained hangars, cleaned and repaired the office and other facilities, or conducted fixed based operations. It is only admitted that Plaintiff Bose was a Flight Instructor. It is specifically denied that Plaintiff Bose served as a Flight Instructor on behalf of LVFA, where he never submitted any hours of flight instruction for compensation until seven months after he had vacated the premises and never submitted any payment to LVFA from students who Bose now contends received instruction. Furthermore, LFVA had no instruction airplane for use during the times Plaintiff Bose contends he was serving as an instructor.

14. Denied. Defendants compensated Plaintiff Bose for hours worked up until February 2013, where his employment was terminated with the exception of any flight instruction he would perform on the airports behalf. Plaintiff Bose never submitted any time record, log, or request for any instruction hours from February, 2013 until over six

months after his departure from the premises despite LVFA's ongoing requests for him to do so.

By way of further response, Defendants have attached the correspondence to Mr. Bose surrounding his departure from LVFA as Exhibit "A." This thread of correspondence is a sample of evidence demonstrating that Mr. Bose had been compensated for all the time worked for LFVA, as a flight instructor, and that the allegations in his Complaint were made with a reckless disregard for the truth and for an improper purpose:

> Lane Jubb < Tue, Jan 21, 2014 at 11:18 AM
> To: aviatorsconnection
>
> Joy:
>
> On January 4 I spoke to you about compiling your hours, searching for a new place to stay, and exporting the Airport's Quickbook files from your computer to my computer, among other things. On January 5 I enumerated those requests for you in an email. I was also kind enough to provide you with a letter of recommendation for tenancy to assist in your search process. After not hearing from you by January 8, despite your agreement and assurance on January 4 that the items I requested could be compiled and transferred by Sunday January 5, I left you a voicemail and another email message. You finally responded on January 10, only to tell me that you had not noticed both of my emails or voicemail and that you would need more time to compile the information.
>
> It is now January 21, almost three weeks since our initial conversation and I have not heard anything from you regarding the status of my reasonable requests. I'm disappointed that despite my best efforts to make your transition as smooth and amicable as possible, you could not comply with even the most simple request to provide me with a status update. The space which you have been occupying rent-free will be used for non-aviation related services beginning February 5, 2014. Please contact me immediately with the information I have requested and/or the status of such requests. I appreciate your anticipated cooperation.

15. Denied. Plaintiff Bose remained in a studio apartment – rent free and utilities paid – on the premises after being told his services were no longer necessary as of February, 2013. Plaintiff Bose was never asked to perform a *single* duty or responsible from that time forward. Plaintiff Bose was told he could still be compensated for any flight instruction he performed on behalf of LVFA. However, Plaintiff Bose never provided any record of flight instruction to LFVA, LFVA never received any payments

4

for flight instruction, and – most importantly – **there were no aircrafts available for instruction for almost all of 2013**.

16. Denied as stated. Plaintiff Bose never performed any work on behalf of LVFA from July, 2013 to his departure. Additionally, Mr. Bose **never submitted any log of hours or time to LVFA for payment** during that time – logically – because he was no longer employed to so and was not doing so.

17. Denied. Plaintiff Bose never worked for LVFA between July 2013 and January, 2014. Thus, Bose never work any overtime during that time period.

18. Denied. Defendants incorporate their responses to Paragraphs 14 through 17 as if set forth at length herein.

19. Denied. Plaintiff was not employed by LVFA during the times at issue in his Complaint. By way of further response, at no time did Plaintiff ever perform services for LVFA that ever exceeded forty hours per week.

20. Denied. It is specifically denied that Plaintiff ever requested compensation for the times at issue in his Complaint. Defendants incorporate their responses to Paragraphs 13 through 17 as if set forth at length herein.

21. Denied as a conclusion of law to which no response is required. By way of further response, Defendants incorporate Paragraphs 12 through 17 as if set forth at length herein.

## COUNT I – FLSA

22. Defendants incorporate their responses to paragraphs 1 through 21 as if set forth at length herein.

23. Denied as a conclusion of law to which to response is required. By way of further response, Plaintiff was not employed by LVFA during the times at issue in Plaintiff's Complaint.

24. Denied as a conclusion of law to which to response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 24.

25. Denied as a conclusion of law to which to response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 25.

26. Denied as a conclusion of law to which to response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 26.

27. Denied as a conclusion of law to which to response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 27.

## COUNT II - PMWA

28. Defendants incorporate their responses to Paragraphs 1 through 27 as if fully set forth at length herein.

29. Denied as a conclusion of law to which to response is required. By way of further response, Plaintiff was not employed by LVFA during the times at issue in Plaintiff's Complaint.

30. Denied as a conclusion of law to which to response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 30.

31. Denied as a conclusion of law to which to response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 31.

32. Denied as a conclusion of law to which to response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 32.

33. Denied as a conclusion of law to which to response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 33.

34. Denied as a conclusion of law to which to response is required. By way of further response, Plaintiff has not set forth any facts in his Complaint to suggest that his paystubs failed to list either the hours worked during a week or hourly rates applicable. Thus, this conclusion of law is not even supported by the allegations of Plaintiff's Complaint.

## COUNT III - WPCL

35. Defendants incorporate their responses to Paragraphs 1 through 34 as if fully set forth at length herein.

36. Denied as a conclusion of law to which no response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 36.

37. Denied as a conclusion of law to which no response is required. To the extent a response may be required, Defendants deny the allegations contained in Paragraph 37.

## PRAYER FOR RELIEF

38. Defendants incorporate their responses to Paragraphs 1 through 37 as if fully set forth at length herein. Further answering, Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause following Paragraph 38 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants further plead the following affirmative defenses to any and all of the claims alleged in Plaintiff's Complaint.

1. The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statutes of limitations or repose.

3. The Contract between the parties bars Plaintiff's claims and/or limits recoverable damages.

4. Plaintiff failed to exercise reasonable care and diligence to mitigate damages, if any. Plaintiff may not claim as damages those items that were not mitigated, and/or damages should be reduced by law.

5. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during the course of discovery in this case and hereby reserve the right to amend their Answer and Affirmative Defenses to assert any such defense.

Respectfully submitted,

  */s/Lane R. Jubb, Jr.*  
Lane R. Jubb, Jr. Esq.
1125 Walnut Street
Philadelphia, Pa 19107
(215) 592-1000
(215) 592-8360 (fax)
Lane.jubb@beasleyfirm.com
***Attorney for Defendants***

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of November, 2016, the foregoing was submitted to the Court's CM/ECF system for filing and for distribution to counsel of record, as follows:

Kevin I. Lovitz, Esquire
THE LOVITZ LAW FIRM, P.C.
1700 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 735-1996
(215) 735-1515 (Fax)
**Attorney for Plaintiff Joydeep Bose**

*/s/ Lane R. Jubb, Jr.*
Lane R. Jubb, Jr.

Exhibit A

Correspondence directed to Plaintiff Bose
Re: Termination and Compensation



**Lane Jubb**

# Perk Valley Airport
5 messages

---

**Lane Jubb**   Sun, Jan 5, 2014 at 1:00 PM
To: Joy Bose

Joy:

Please let this email confirm our conversation, yesterday.

Consistent with our discussion, please provide me with the following:

(1) a digital copy of the Airport's "Quick Books" for 2013. As you mentioned, email would be the easiest and most efficient method of sending me the information and, as such, there is no need for me to stop by the airport today to retrieve them. If you are unable to provide me with the Quick Books by this evening, as you agreed to do, please notify me via email immediately;

(2) your Flight Instruction Hours no later than Wednesday, January 8, 2014;

(3) your general employment hours worked prior to the notice that we could no longer pay you to work at the airport other than as a Flight Instructor no later than Thursday, January 9, 2014;

(4) a list of purchases you made on behalf of the airport after receiving permission to make the purchase from Sandy or Me no later than January 9, 2014

(5) the Log-On's for the airport computer and, if any, other log-ons for frequently used computer programs no later than January 9, 2014;

Additionally, please begin to gather all airport keys controlled by you or in your custody relating in anyway to the airport. Please email me immediately if you have any questions or concerns relating to this email.

Lane R. Jubb, Jr.
Managing Shareholder
Perkiomen Valley Airport

---

**Lane Jubb**   Wed, Jan 8, 2014 at 8:06 AM
To: Joy Bose

Joy:

I have not heard back from you regarding any of my requests from our conversation last Saturday. I outlined those requests in a previous email that I have copied below. Please contact me via email no later than tomorrow morning at 9:00 am regarding the status of these reasonable requests. If I do not here from you by then, you leave me no reasonable alternative but to seek judicial intervention. Again, <u>if you need additional time or have any questions, please don't hesitate to contact me</u>. I would very much like this transition to go smoothly and amicably but that requires communication.

Very truly yours,

Lane R. Jubb, Jr.

[Quoted text hidden]

--
Lane R. Jubb Jr.
*Juris Doctor* Candidate
Earle Mack School of Law
Drexel University

---

**aviatorsconnection** <​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​>      Fri, Jan 10, 2014 at 2:07 PM
To: "Jubb Lane R Jr."

Lane,

Apologize for the delay in responding to this email that I noticed today.

I have been working on compiling the information to be submitted to you.

I do need additional time to comply with your requests.

Appreciate your patience.

Thanks.

Joy

[Quoted text hidden]

---

**Lane Jubb** <lrj5010@gmail.com>      Fri, Jan 10, 2014 at 3:13 PM
To: aviatorsconnection <aviatorsconnection@gmail.com>

Joy:

Thanks for getting back to me. I need to know how long of additional time you need. Please check your email more frequently as I prefer this method of communication.

Thanks

Lane

[Quoted text hidden]

---

**Lane Jubb** <​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​>      Tue, Jan 21, 2014 at 11:18 AM
To: aviatorsconnection <​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​>

Joy:

On January 4 I spoke to you about compiling your hours, searching for a new place to stay, and exporting the Airport's Quickbook files from your computer to my computer, among other things. On January 5 I enumerated those requests for you in an email. I was also kind enough to provide you with a letter of recommendation for tenancy to assist in your search process. After not hearing from you by January 8, despite your agreement and assurance on January 4 that the items I requested could be compiled and transferred by Sunday January 5, I left you a voicemail and another email message. You finally responded on January 10, only to tell me that you had not noticed both of my emails or voicemail and that you would need more time to compile the information.

It is now January 21, almost three weeks since our initial conversation and I have not heard anything from you regarding the status of my reasonable requests. I'm disappointed that despite my best efforts to make your transition as smooth and amicable as possible, you could not comply with even the most simple request to provide me with a status update. The space which you have been occupying rent-free will be used for non-aviation related services beginning February 5, 2014. Please contact me immediately with the information I have requested and/or the status of such requests. I appreciate your anticipated cooperation.

Lane
[Quoted text hidden]