IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYDEEP BOSE,<br><br>    Plaintiff,<br><br> v.<br><br>LANE'S VALLEY FORGE AVIATION,<br>INC., et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 16-3924 |

## OPINION

**Slomsky, J.**                                                   **October 17, 2019**

## I.     INTRODUCTION

On August 29, 2019, Defendants Sandra Jubb, Lane Richard Jubb Jr., and Lane's Valley

Forge Aviation, Inc. ("LVFA") (collectively "Defendants") filed a Motion for Sanctions against

Plaintiff Joydeep Bose. (Doc. No. 87).  This Motion is now ripe for a decision.  For the reasons

that follow, Defendants' Motion for Sanctions will be granted and this case will be dismissed.

## II.    BACKGROUND

### A.     Factual Allegations

In March 2012, Plaintiff Joydeep Bose ("Plaintiff") was employed as a Flight Instructor by

Defendant Lane's Valley Forge Aviation, Inc. ("LVFA"). (Doc. No. 1.)  Defendants Sandra Jubb

and Lane Richard Jubb Jr. are owners, operators, and managers of LVFA.  At some point, Plaintiff

was terminated by LVFA. The parties dispute his termination date. Plaintiff contends that he

worked for LVFA until approximately January 4, 2014. (Doc. No. 1.)  Defendant submits that

Plaintiff was discharged in February 2013, "with the exception of any flight instruction he would

perform on the airports [sic] behalf." (Doc. No. 6.)

Plaintiff claims that some time from 2012 through January 2014, Defendant failed to compensate him for the work he performed at LVFA. (Id.)  He alleges that during this period he worked 50 to 60 hours per week providing flight instructions, running airport operations, cleaning and maintaining hangars, and refueling airplanes.[1] (Id.)  Plaintiff contends he was a "non-exempt" employee, and therefore in addition to his regular salary, he is "entitled to receive over-time compensation" for his hours worked.  (Id.)

Defendants argue to the contrary that Plaintiff was compensated for hours worked up until February 2013 when his employment was terminated. (Doc. No. 6.)  After his termination, Defendants never asked Plaintiff to perform any duties, except for the flight instruction.  (LVFA asserts, however, that it did not receive any record of his flight instruction after his discharge. (Id.)  Defendants claim Plaintiff remained in an apartment on Defendants' premises, "rent free and utilities paid" after being told his services were no longer necessary. (Doc. No. 6.)  Defendants instructed Plaintiff "to vacate the premises" on January 4, 2014. (Id.)

On July 20, 2016, Plaintiff filed the Complaint (Doc. No. 1) alleging that he is owed wages and overtime compensation.  He raises claims under:  1) the Fair Labor Standards Act ("FLSA")[2]

---

[1]  Defendants deny that he provided flight instruction in 2013 because LVFA had no aircraft available for instruction for "almost all of 2013." (Id.)

[2]  The Fair Labor Standards Act ("FLSA"), 29 U.S.C. 207(a)(1), provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

(Count I); 2) the Pennsylvania Minimum Wage Act ("PMWA")[3] (Count II); and 3) the Pennsylvania Wage and Payment Collection Law ("WPCL")[4] (Count III). (Id.) On November 15, 2016, Defendant filed an Answer (Doc No. 6) denying these claims.

### B. Plaintiff's Failure to Comply with Discovery Orders

Plaintiff has failed to comply with five Court Orders regarding discovery.[5] Five Court Orders were issued in this case requiring Plaintiff to either turn over discovery materials or to notify the defense in writing that he did not have the requested discovery. The Orders also required Plaintiff to make himself available to be deposed. These Orders were issued after this case was reassigned to this Court[6] on September 11, 2017. (Doc. No. 20.)

Originally, the close of fact discovery was set for June 23, 2018. (Doc. No. 26.) On June 18, 2018, Plaintiff filed a Motion for Extension of Time to Complete Discovery. (Doc. No. 30.) The Motion was granted and an Amended Scheduling Order (Doc. No. 31) extending the close of

---

[3] The Pennsylvania Minimum Wage Act ("PMWA")[3] 43 P.S. § 333.104(c), provides in part, "Employees shall be paid for overtime not less than one and one-half times the employee's regular rate as prescribed in regulations promulgated by the secretary."

[4] The Wage Payment and Collection Law, 43 Pa C. S. § 260.1 ("WPCL"), permits employees to recover unpaid wages from their employers.

[5] The Orders were either written or orally issued. The Oral Orders were issued during on the record telephone conferences with counsel for the parties and at a hearing held on May 20, 2019.

[6] This case was originally assigned to the late Honorable Thomas N. O'Neill Jr. and was reassigned to this Court. (Slomsky, J.) Plaintiff has had problems with counsel while this case was pending before both judges. On February 22, 2017, Judge O'Neill granted leave to attorney Kevin Lovitz, Esquire, to withdraw as counsel for Plaintiff. On February 13, 2018, Timothy Kolman, Esquire, entered his appearance on behalf of Plaintiff. On April 29, 2019, Kolman filed a Motion to Withdraw as Attorney for Plaintiff. At a hearing held on May 20, 2019, the Motion was denied. In addition, attorneys W. Charles Sipio Esquire and Wayne Ely Esquire, who are associated with Kolman's firm, entered their appearance and subsequently withdrew.

discovery to August 15, 2018 was entered[7]. (Id.)  Both before and after this date, events occurred in this case regarding Plaintiff's failure to comply with discovery Orders.  To date, as noted, Plaintiff has failed to comply with five discovery Orders.  The events relating to noncompliance with the Orders will be discussed next.

### 1. Order Dated October 10, 2018 Instructing Plaintiff to Produce a Binder of Discovery Materials and The Matter of Plaintiff's Deposition

A United States Magistrate Judge held a settlement conference on October 10, 2018 with counsel for the parties.[8] (Id.)  During the conference, Plaintiff's counsel brought several binders of discoverable documents to the conference, which were not previously given to Defendants.  As a result, the Magistrate Judge issued an Order requiring Plaintiff to produce the binder of documents to Defendants by November 20, 2018. (Doc. No. 38.)  Plaintiff did not comply with this discovery Order.  Thereafter, Defendant filed two additional motions to compel Plaintiff to provide this discovery.  Both motions were granted, yet, as noted below, Plaintiff did not comply with the Orders of the Court.

Earlier, on July 9, 2018, Defendant's counsel, James E. Beasley, Esquire ("Beasley"), sent a letter to the Court requesting that Defendants should not have to appear for a deposition until Plaintiff's deposition had been taken.  (Doc. No. 34.)  The Court had a conference call with counsel to resolve the matter.  Issues concerning the scheduling of Plaintiff's deposition have been ongoing despite the Court's efforts through telephone conferences to compel Plaintiff to cooperate and appear for a deposition.  He has not done so to date.

---

[7] Plaintiff made several discovery requests to Defendant.  All were fulfilled.

[8] This settlement conference was held before Magistrate Judge Carol Moore Wells. (Doc. No. 36.)

### 2. Orders Dated March 4 and 19, 2019, Instructing Plaintiff to Produce Outstanding Discovery Materials and to Provide Deposition Dates

On February 6, 2019, Defendants' filed a Motion to Compel Plaintiff's Deposition. (Doc. No. 48.) On March 1, 2019, the Court held a telephone conference with counsel for both parties to resolve the discovery dispute. (Doc. No. 51.) During the conference, the Court learned that outstanding discovery requests and the binder had not been given to Defendants and asked Plaintiff's counsel why they were not produced. Plaintiff's counsel responded that [Plaintiff] did not have the documents in "his possession and had to retrieve them." Following the conference, the Court issued an Order on March 4, 2019 requiring counsel for both parties by March 8, 2019 to send letters to each other itemizing outstanding discovery materials requested. (Id.) Both counsel complied with this direction. In addition, the Court ordered that Plaintiff's deposition be scheduled.

Defendants' counsel requested, in pertinent part: 1) Plaintiff's sworn verification substantiating the itemized list of uncompensated time and unreimbursed expenses alleged in his action; 2) Plaintiff's pilot log books for the years 2011 to 2014; 3) Plaintiff's username and password for the Perkiomen Valley Airport Facebook account[9]; 4) a copy of Plaintiff's FAA aeromedical application; and 5) dates for Plaintiff's deposition. (Doc. No. 62.) Plaintiff did not produce these documents or set a date for the deposition.

On March 19, 2019, the Court held another telephone conference with both parties. During the conference, the Court ordered both parties to comply with the discovery requests which

---

[9] Defendants claim that in this Facebook account, Plaintiff posted "status updates" concerning his employment and transportation to and from LVFA. Moreover, through messages on this account, Plaintiff apparently communicated to clients of LVFA.

included Defendants' March 8, 2019 discovery letter to Plaintiff.  Plaintiff did not comply with

this Order.[10]

### 3. Order Dated May 20, 2019 Instructing Plaintiff to Compile and Turn Over the Outstanding Discovery Information and to Provide a Date For His Deposition by May 24, 2019

On April 25, 2019, Defendants filed another Motion to Compel and a Motion for Sanctions.

(Doc. No. 64.)  Four days later, on April 29, 2019, Plaintiff's counsel (Kolman) filed a Motion to

Withdraw as Attorney.  (Doc. No. 65.)  In the Motion, counsel requested that his representation be

terminated pursuant to Rule of Professional Conduct 1.16(b) (Declining or Terminating

Representation).[11]  On May 20, 2019, the Court held a hearing on both Motions.  (Doc. No. 71.)

Plaintiff was present at the hearing.  At one point, the Court excused defense counsel and heard

---

[10]  On April 2, 2019, Defendants again requested the outstanding discovery materials and dates for Plaintiff's deposition. (Doc No. 87-7.)  That same day, Plaintiff's counsel requested additional time to comply and stated that they would "certainly be in contact with [Defendants] shortly with proposed dates" for Plaintiff's deposition.  (Doc. No. 87-8.)  However, Plaintiff never produced the documents or proposed deposition dates.  (Doc No. 87-9.)

[11]  In the Motion, Timothy M. Kolman, Esquire, argued that he had cause to withdraw as counsel for Plaintiff pursuant to Rules 1.16(b)(1), (4), (5), (6), and/or (7).  Rules 1.16(b)(1), (4), (5), (6), and (7) provide that a lawyer may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

from Plaintiff's counsel on the reasons why he filed the Motion. Thereafter, at the hearing, the Court directed that by May 24, 2019, Plaintiff must produce outstanding discovery documents to Defendants and provide a date for his deposition. Plaintiff, again, did not comply with these specific directives.

### 4. Order Dated August 22, 2019 Instructing Plaintiff by August 28, 2019 to Produce the Discovery to Defendant or to Inform Defendant in Writing that He Does Not Have the Requested Items

On June 12, 2019, Defendants renewed their Motion to Compel and for Sanctions. (Doc. Nos. 76-77) because by May 24, 2019, no discovery was produced as ordered. On July 3, 2019, Plaintiff did turn over the following documents, which constituted meager compliance with the discovery requests:

a. Flight logs for the year 2011;

b. Examples of handwritten fuel pump logs, allegedly from Defendants;

c. The name of one student pilot who received a pilot's licenses at Lane's Valley Forge Aviation between 2012 and 2014;

d. Name of a student pilot who soloed at Lane's Valley Forge Aviation between 2012 and 2014.

(Doc. No. 79-1.) The flight logs for the year 2011 are inadequate because Plaintiff alleges in his Complaint that he is owed payment for his services from 2012 through January 2014. Further, the examples of fuel pump logs, which had been supplied to Plaintiff by Defendant, and the name of one student pilot, who received a pilot's license and allegedly was trained by Plaintiff during the years 2012 to 2014, are not specific enough to show that Plaintiff was working for Defendant from 2012 to January 2014, the critical time at issue here. The same is true for the name

of one student pilot who soloed at LVFA between 2012 to 2014.  Furthermore, Plaintiff did not

provide a date for his deposition.

Consequently, on July 12, 2019, Defendants filed a second Motion for Sanctions (Doc. No.

77).  On August 12, 2019, Defendants' counsel sent a letter to the Court reminding that Plaintiff

"still has not provided the materials that Your Honor previously ordered him to produce."  (Doc.

No. 78-1.)  On August 19, 2019, the Court received another letter from Defendants' counsel stating,

in part, the following:

> Defendants have continuously made efforts to obtain Plaintiff's responses to outstanding
> discovery requests and dates for his deposition – as ordered by Your Honor…. To this date
> we have received no responsive documents to the outstanding requests ordered by Your
> Honor months ago. The documents Plaintiff did produce (to the extent legible) are – quite
> frankly – nonsense… As will be readily apparently, those records described by Plaintiff are
> impertinent, unrelated to any of his allegations, and most are not even from the time period
> where [Plaintiff] is claiming unpaid wages… Quite simply, none of the records Plaintiff
> produced support his claimed unpaid wages.

(Doc. No. 79.)[12]

On August 22, 2019, the Court held a telephone conference with counsel for the parties to

resolve the dispute.  The Court ordered that by August 28, 2019, Plaintiff must produce the

following outstanding discovery information:

a. The sworn verification form substantiating the uncompensated hours and

reimbursed expenses alleged in the Complaint;[13]

---

[12] Plaintiff's counsel responded to Defendants' Motion for Sanctions arguing that, "to the
best of his knowledge" Plaintiff has produced all related documents and has not refused to
schedule his deposition.  (Doc. No. 80.)  This statement belies the facts of record.  To date,
Plaintiff has not been deposed and Court Orders have not been followed.

[13] This form asked Plaintiff to verify under oath that the information contained in his list of
uncompensated time and unreimbursed expenses was "true and correct to the best of [his]
knowledge, information, and belief."  Id.  Plaintiff's counsel explained that he informed
Plaintiff of this verification form, and asked him to sign it, but "[Plaintiff] had not sent it

b. Plaintiff's pilot logbooks to verify the flight instructions alleged in the
   Complaint;

c. All information from the Perkiomen Valley Airport Facebook account relevant to
   his employment at LVFA during 2012 to 2014;

d. The name of the physician who granted Plaintiff's medical license and
   application;[14]

e. Fuel logs from Plaintiff's alleged flights from 2012 to 2014.

The Court further ordered that if Plaintiff did not have any of these documents, Plaintiff's

counsel must notify Defendants in writing by August 28, 2019. Nonetheless, again, Plaintiff did

not produce a single document, nor did his counsel send the letter as ordered.

On August 29, 2019, Defendants filed another Motion for Sanctions (Doc. No. 87) asking

the Court to dismiss Plaintiff's Complaint based on Plaintiff's failure to comply with Court Orders.

Plaintiff has not filed a response to this Motion. For reasons that follow, Defendants' Motion for

Sanctions will be granted and this case will be dismissed.

## II.     ANALYSIS

### A.     Rule 7.1(c)

Plaintiff has not filed a response to Defendants' Motion for Sanctions filed on August 29,

2019. The Motion for Sanctions will be granted under Eastern District of Pennsylvania Local Rule

7.1(c). E.D.Pa. Rule 7.1(c) states in relevant part:

> Unless the Court directs otherwise, any party opposing the motion shall serve a brief
> in opposition together with such answer or other response that may be appropriate

---

back." The Court warned that, "we have nothing verifying on this record that [Plaintiff] had
worked the hours or to support what [Plaintiff] said in the Complaint."

[14] During the teleconference held on August 22, 2019, both parties agreed to narrow the scope of
Defendant's original request for Plaintiff's FAA aeromedical application to the name of the
physician who granted his medical application and license.

within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P. 56.

Dismissal of a case may be an appropriate remedy when a party fails to respond to a properly filed motion. Harron v. Cartwright, No. 05-1538, 2006 U.S. District LEXIS 9418 (E.D. Pa. March 8, 2006) ("I [the court] will grant defendants' uncontested motion under Local Rule of Procedure 7.1 (c) and dismiss the case").

Here, as noted, on August 29, 2019, Defendants filed a Motion for Sanctions specifically asking the Court to dismiss Plaintiff's Complaint. (Doc. No. 87.) Accordingly, under Rule 7.1(c), Plaintiff had until September 12, 2019 to file a response. As of the date of this Opinion, Plaintiff has not filed a response. Therefore, Defendants' Motion for Sanctions will be granted as uncontested and the case will be dismissed under Rule 7.1(c).

**B. Sanction of Dismissal is Also Warranted Under Pertinent Rules of Civil Procedure and Under the <u>Poulis</u> Factors**

Under Federal Rule of Civil Procedure 16(f)(1)(c), a district court may sanction a party. The Rule reads in pertinent part:

(1) <u>In General</u>. On motion or on its own, the court may issue any just orders, including

those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

\* \* \*

(c) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1)(c).

Rule 16(f) incorporates by reference the sanctions authorized under Rule 37(b)(2)(A). Applicable here, Rule 37(b)(2)(A)(v) allows a district court to impose sanctions for failure to obey a scheduling or other pretrial order Under Rule 37(b)(2)(A), "a district court may sanction parties who fail to comply with its Orders in a variety of ways, including dismissal of the lawsuit." The

Third Circuit requires a court to consider the six factors set forth in <u>Poulis v. State Farm Fire &</u>

<u>Casualty Co.</u> when determining whether to enter a judgment against a non-compliant party under

Rules 16 and 37:[15]

(1)   the extent of the party's personal responsibility;

(2)   the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)   a history of dilatoriness;

(4)   whether the conduct of the party or the attorney was willful or in bad faith;

(5)   the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)   the meritoriousness of the claim or defense.

747 F.2d 863 (3d Cir. 1984).

There is no "mechanical calculation" for balancing the <u>Poulis</u> factors and no single factor

is dispositive.  <u>Briscoe v. Klaus</u>, 538 F.3d 252, 263 (3d Cir. 2008).  Courts have held that "dismissal

must be a sanction of last, not first, resort."  <u>Poulis</u>, 747 F.2d at 869.   Here, Defendants have filed

Motion for Sanctions urging the Court to dismiss the Complaint because Plaintiff has failed to

comply with multiple Court Orders and withheld pertinent discovery documents.  Moreover, to

date, his deposition has not been scheduled.  The Court will address the <u>Poulis</u> factors in turn.

---

[15] The dismissal of a lawsuit is tantamount to entering a judgment in favor of a defendant, and
for this reason, the Court will discuss the <u>Poulis</u> factors.

## C.    Poulis Analysis

### 1.    Personal Responsibility

The first <u>Poulis</u> factor asks the Court to consider the "noncompliant party's personal responsibility." <u>In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.</u>, 319 F.R.D. 480, 485 (E.D. Pa. 2017).

In this case, Plaintiff is responsible for his failure to produce discovery documents and comply with Court Orders. Plaintiff has been afforded ample time and latitude to comply with its discovery Orders. However, Plaintiff failed to produce documents critical to his case, has not made himself available for a deposition, neglected to sign a sworn verification to his discovery responses, and did not send the letter ordered by the Court in the August 28, 2019 telephone conference describing what discovery he does not possess.

Further, not only did Plaintiff fail to produce the crucial discovery documents, but the documents that he ultimately produced were insufficient. For example, as noted previously, the Court ordered Plaintiff to produce his pilot logs and airplane fuel pump logs from 2012 to 2014. Plaintiff did not comply, and instead produced his flight logs from 2011 and mere "examples" of handwritten fuel pump logs which had been requested by the defense. (Doc. No. 79-1.) His other production did not, in any way, substantiate his claims in this case.

The Court, directly and through Plaintiff's counsel, informed Plaintiff of these discovery requests and Orders. The Court extended discovery deadlines, giving Plaintiff copious time to produce the documents and to comply with the Orders. Plaintiff has not complied, and he bears a high degree of personal responsibility for his failure to comply. Consequently, the first factor heavily weighs in favor of dismissal.

## 2. Prejudice to Defendant

The second Poulis factor – whether Defendant has suffered prejudice based on a failure to comply – also weighs heavily in favor of dismissal.  See In re Avandia Mktg., 319 F.R.D. at 485. This factor requires the Court to examine the prejudice to the adversary caused by a party's failure to meet Court Orders and respond to discovery.  Id.  Prejudice to the adversary is a particularly important factor in the Poulis analysis, and evidence of "true prejudice ... bear[s] substantial weight in support of a dismissal." Scarborough v. Eubanks, 747 F.2d 871, 876 (2d. Cir. 2011); Hildebrand v. Allegheny County, 923 F.3d 128, 134 (3d Cir. 2019).  "While 'prejudice' for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial.  See also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).

Here, Plaintiff's failure to comply with Orders and produce significant documents has impeded the litigation for a considerable time and thereby hindered Defendants' ability to litigate the case.  Further, Plaintiff has failed to comply with Orders to make himself available for his deposition.  Under the circumstances, it is difficult for Defendants to formulate a final strategy based on Plaintiff's conduct in this case.  As pertinently noted in In re Avandia Mktg., such inaction by a party "frustrates and delays the resolution of the actions and constitutes prejudice." 319 F.R.D. at 485; Metro Metals USA v. All-State Diversified Prod., Inc., No. 12-CV-1448, 2013 WL 1786593, at *2 (D.N.J. Apr. 25, 2013). Accordingly, this factor weighs in favor of dismissal.

## 3. Dilatoriness

The third Poulis factor is whether there is a history of dilatory conduct.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-

response to interrogatories, or consistent tardiness in complying with court orders." In re Avandia Mktg., 319 F.R.D. at 485; Briscoe, 538 F.3d at 263. While extensive delay may weigh in favor of dismissal, "a party's problematic acts must be evaluated in light of its behavior over the life of the case." Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 874 (3d.Cir.1994).

In this case, Plaintiff's noncooperation with his counsel and his repeated failure to follow court Orders shows beyond peradventure his dilatoriness. Since filing his Complaint in 2016, Plaintiff has repeatedly failed to follow discovery deadlines. Court Orders have been meaningless to him. Thus, as to the third Poulis factor, Plaintiff's conduct in this case over a significant time period demonstrates a history of dilatoriness, and this factor weighs in favor of dismissal.

### 4. Willfulness or Bad Faith

The fourth Poulis factor asks whether the party's conduct was willful or in bad faith. Conduct that constitutes willfulness involves intentional or self-serving behavior. Adams, 29 F.3d at 875. A lengthy delay reflects "inexcusable negligent behavior," but that behavior alone does not rise to the level of willfulness or bad faith. Id. at 876. For example, in National Hockey League v. Metropolitan Hockey Club, Inc., the district court dismissed a case after seventeen months, finding that the plaintiffs acted willfully when they failed to answer crucial interrogatories despite numerous extensions. 427 U.S. 639 (1976). The Supreme Court approved the dismissal as a proper response to such behavior. Id.

Similarly, here, Plaintiff has failed to produce crucial discovery documents and comply with pre-trial discovery Orders for at least twelve months. But Plaintiff's failure to comply with Orders does not appear to be self-serving behavior, rather it appears to be an example of

"inexcusable negligent behavior." <u>Adams</u> at 876. As noted in <u>Adams</u>, an absence of a parties' good faith effort to participate in litigation does not necessarily amount to willfulness or bad faith. <u>Id.</u> Although Plaintiff has not provided a credible explanation for his failure to comply with Orders, the Court cannot find that his conduct has been willful and in bad faith. Therefore, this factor weighs against dismissal.

### 5.  Alternative Sanctions

The fifth <u>Poulis</u> factor concerns the effectiveness of sanctions other than dismissal. Aside from attending the hearing[16] on his Counsel's Motion to Withdraw, Plaintiff has failed to participate in this case in any meaningful way and disobeyed Court Orders. Under all the circumstances here, the Court is convinced that no lesser sanction other than dismissing the case would be effective. The Court has considered imposing sanctions such as excluding evidence offered by Plaintiff or giving adverse jury instructions. But in this case, they would be inadequate given that Plaintiff's conduct has prevented not only the fair and expeditious resolution of this case but has also impeded Defendants from formulating a final defense strategy. Plaintiff has not even been deposed and has not turned over crucial evidence despite being ordered to do so numerous times. Based on Plaintiff's conduct, the amount of evidence that would need to be excluded by the Court as a sanction would eviscerate his case. Even an adverse jury instruction would have to be so expansive that no jury would find in favor of Plaintiff on his claims. Thus, sanctions other than dismissal would not be effective.

### 6.  Meritoriousness

The sixth and final <u>Poulis</u> factor is whether Plaintiffs have a meritorious claim. For this

---

[16] As noted above, the Court held a hearing on May 20, 2019 on Plaintiff's counsel's Motion to Withdraw. Plaintiff attended this hearing. (Doc. No. 75.)

inquiry, a court need only be satisfied that "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 870. Accordingly, the merits of a plaintiff's claim are evaluated using the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Huertas v. City of Phila., No. 02-7955, 2005 WL 226149 (E.D. Pa. Jan. 26, 2005), aff'd, 139 F. App'x 444 (3d Cir. 2005). To survive a motion to dismiss under Rule 12(b)(6), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 262 n. 14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Without a doubt, cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." Hildebrand, 923 F.3d at 133.

Pursuant to this standard, and having reviewed the allegations of the Complaint, the Court is satisfied that Plaintiff's claims under the FLSA, WPCL, or PMWA may be meritorious. For this reason, the final Poulis factor is in Plaintiff's favor.

### 7.    **Weighing the Poulis Factors**

In evaluating the Poulis factors, the Court notes that no factor is dispositive, and there is no "magical formula." In re Avandia Mktg., 319 F.R.D. at 486. In this case, however, the majority of factors weigh heavily in favor of dismissal. After giving Plaintiff many opportunities

to meaningfully participate in his case and comply with Court Orders, which he has not done, the Court is left with no option but to grant Defendants' Motion for Sanctions and dismiss this case.

## III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion for Sanctions and the case will be dismissed.  An appropriate Order follows.